**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| WILLIE L. WILLIAMS, as Temporary Administrator of the Estate of Rosie B. Williams, Deceased | : : : : | |
| Plaintiff, | : : | |
| vs | : : | 1:05-cv-48 (WLS) |
| PALMYRA PARK HOSPITAL, INC. and UNITED STATES OF AMERICA, | : : : | |
| Defendants. _____ | : : | |

**ORDER**

Presently pending before the Court is the Defendant United States of America's Motion to Dismiss (Doc. No. 17) and Defendant Palmyra Park Hospital, Inc.'s Motion to Dismiss (Doc. No. 19).

In its motion to dismiss, (Doc. No. 17), the Government correctly points out that the United States can only be sued under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et. seq.* ("FTCA"). The FTCA is Plaintiff's exclusive remedy for injuries allegedly caused by negligence of a federal employee acting within scope of employment. On January 26, 2005, the United States was substituted as a federal defendant.[1] The federal employee, Dr. James A. Hotz, was already certified

---

[1] On June 27, 2003, Plaintiff filed a similar action in the Superior Court of Dougherty County, Georgia. The action was removed to this Court by the federal defendants. *See* Williams v. Marsha Pierdinock, M.D. et al, No. 1:03-CV-153-3. The United States was substituted for the named defendants. The case was dismissed without prejudice in this Court for failure to exhaust administrative remedies under the FTCA and remanded to the Superior Court of Dougherty County, Georgia. Plaintiff again filed an action in the Superior Court of Cobb County, Georgia on October 27, 2004. The case was removed to the United States District Court for the Northern District of Georgia. The United States was substituted for the

as acting within the scope of employment.

Plaintiff attempts to argue that the Georgia common law torts alleged in his complaint are properly before this Court. Specifically, Plaintiff contends that his negligence claims can be brought against a medical professional. However, that does not change the glaring fact that Plaintiff specifically stated in his complaint that "NO CAUSE OF ACTION ALLEGED FOR PROFESSIONAL NEGLIGENCE." (Doc. No. 1, Defendant's Exhibit 1, ¶¶ 28-32).

The United States did not waive its sovereign immunity and, without the United States as Defendant, the Court lacks subject matter jurisdiction over the remainder of the instant action. *See* Lehman v. Nakshian, 453 U.S. 156 (1981); United States v. Sherwood, 312 U.S. 584 (1941).

Therefore, Defendant United States of America's Motion to Dismiss (Doc. No. 17) is **GRANTED.** The complaint as asserted against the United States of America, which was substituted for Defendant James A. Hotz, is **DISMISSED without prejudice.** (Doc. No. 17). Defendant Palmyra Park Hospital, Inc.'s Motion to Dismiss (Doc. No. 19) is **DENIED as moot**. The remainder of the case is **REMANDED** to the Superior Court of Cobb County. The Clerk is **ORDERED** to close the file.

SO ORDERED, this  22nd  day of June, 2005.

 /s/W. Louis Sands  
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

named defendant. The United States filed a motion to dismiss the complaint and transfer venue. The Northern District granted the transfer of venue and the instant action was transferred to this Court. The remainder of the United States' motion, i.e., the motions to dismiss, is with this Court.